UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

STATE OF FLORIDA,

    Plaintiff,

v.                                Case No. 5:25-cv-152-TKW-MJF

SHIRLEY MEARS DAVIS,

    Defendant.
_____/

## REPORT AND RECOMMENDATION

Defendant Shirley Mears Davis attempts to consolidate and remove to the District Court four cases—two Florida criminal prosecutions and two Florida civil traffic law violations. Doc. 1. For the multiple reasons set forth below, the District Court should remand Davis's cases to the Florida courts from which Davis attempts to remove them.

### I. BACKGROUND

On January 3, 2023, the State of Florida charged Davis in Calhoun County Circuit Court Case No. 2023-CF-1460 with the unauthorized practice of law, in violation of Fla. Stat. § 454.23. Doc. 1-3 at 9–11. On

October 10, 2023, the Florida court declared Davis incompetent to proceed and placed Davis on conditional release.

On or about May 23, 2025, while Davis was on conditional release, a law enforcement officer issued Davis traffic citations for lack of a vehicle registration (citation number 2025-TR-001300) and lack of proof of insurance (citation 2025-TR-001301).

The State of Florida also charged Davis in Calhoun County Circuit Court Case No. 2025-CT-000052 with four misdemeanors: (1) one count of driving while license was suspended or revoked, in violation of Fla. Stat. §322.34(2)(a); (2) two counts of refusing to sign the traffic citation, in violation of Fla. Stat. § 318.14; and (3) one count of "Attached Tag Not Assigned to Vehicle," in violation of Fla. Stat. §320.261.

Davis attempts to remove both criminal prosecutions and the civil traffic violations to federal court pursuant to 28 U.S.C. §§ 1331, 1441(a), 1443(1), and 1455. Davis asserts that removal is appropriate because her rights under the First, Fourth, Fifth, Sixth, Eighth, and Fourteenth Amendments have been violated insofar as the relevant Florida courts: (1) declared her incompetent to proceed without affording Davis due process; (2) denied her access to counsel of her choice; (3) refused to accept for filing

Davis's motions, including her "subrogation documents, a UCC-1 Financing Statement . . . and trust related notices"; (4) lacked jurisdiction over Davis; and (5) failed to follow proper procedure during during Davis's initial appearance and other hearings. Doc. 1 at 2–3, 4.

## II.  DISCUSSION

### A.  Davis Cannot Remove Multiple Cases in One Federal Case

As an initial matter, Davis's notice of removal is improper because she is attempting to remove *four* separate state cases via *one* notice of removal filed in *one* federal case. This is impermissible under federal law:

> The removing party must institute a separate case in federal court for each state court case that is removed. Of course, a removing party may note that a newly removed matter is related to a previously filed action, but that does not excuse the obligation to initiate a new action. Here, [Defendant] seeks removal of [two] cases pending in state court into a single federal action. This procedure is improper.

*Zaker v. Belkin Int'l, Inc.*, 2018 WL 11198054, at *1 (E.D. Mich. Jan. 16, 2018) (quoting *Mlotek v. Mlotek*, 2011 WL 441526, at *1 (N.D. Ohio Feb. 3, 2011)) (internal citations omitted); *Florida v. Gordon*, 2018 WL 4762977, at *2 (M.D. Fla. Sept. 17, 2018), *report and recommendation adopted*, 2018 WL 4744268 (M.D. Fla. Oct. 2, 2018); *Hillsborough Cnty. Pub. Schs. v. Pennsylvania Mfrs.' Ass'n Ins. Co.*, 2014 WL 12705576, at *1

(M.D. Fla. May 13, 2014); *Plaintiff 67,634–69,607 v. Trans Union LLC*, 2010 WL 4284956 (S.D. Tex. Oct. 22, 2010); *Larson v. United Nat. Foods W., Inc.*, 2010 WL 1492891 (D. Ariz. Apr. 14, 2010).

For this reason alone, the District Court should remand Davis's cases to the Florida courts from which they originated.

**B.     Davis Failed to Remove Her Cases Timely**

*Criminal Cases.* A "notice of removal of a criminal prosecution shall be filed not later than 30 days after the arraignment in the State court, or at any time before trial, whichever is earlier." 28 U.S.C. § 1455(b)(1); *Williams v. Corrigan*, 2023 WL 3868657, at *2 (6th Cir. May 12, 2023).

Davis was arraigned in Calhoun County Circuit Court Case No. 2023-CF-1460 on *January 17, 2023*. Doc. 1-2 at 4. On *June 24, 2025*, Davis filed a single—defective (see the discussion above)—notice of removal for all of her cases. Thus, she filed her notice of removal well beyond the permissible 30 days.

Davis was arraigned in Calhoun County Circuit Court Case No. 2025-CT-000052 on *June 6, 2025*. Doc. 1-2 at 5. Although Davis filed a notice of removal on June 24, 2025, as noted above this notice is defective

insofar as it purports to remove multiple cases into a single federal case. Thus, Davis did not timely remove Calhoun County Circuit Court Case No. 2025-CT-000052.

Because Davis did not timely remove these two criminal cases, for this reason also, the District Court should remand Davis's criminal actions to the Calhoun County Circuit Court.

***Civil Traffic Law Violations.*** Federal law also requires prompt removal of civil actions:

> The notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within 30 days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.

28 U.S.C. § 1446.

On May 27, 2025, a law enforcement officer issued the relevant traffic citations to Davis. Doc. 1-2 at 6–7. As discussed above, Davis filed her defective "four removals for the price of one" notice of removal on June 24, 2025. Because her notice of removal was defective, however, Davis did not timely remove these civil violations to federal court. She has not shown

good cause for her tardiness. For this additional reason, therefore, the District Court should remand Davis's civil traffic violations back to the relevant Florida court.

## C. Davis Cannot Remove Her Cases Under 28 U.S.C. § 1331

Davis asserts that she removed her cases pursuant to various federal statutes, including 28 U.S.C. § 1331.

Section 1331 provides: "The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Under this provision, "jurisdiction may be based on a civil action alleging a violation of the Constitution, or asserting a federal cause of action established by a congressionally created expressed or implied private remedy for violations of a federal statute." *Jairath v. Dyer*, 154 F.3d 1280, 1282 (11th Cir. 1998).

"The presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987); *Gully v. First Nat'l Bank*, 299 U.S. 109, 113 (1936). Federal-question jurisdiction cannot be based merely on a defense

that a defendant seeks to assert. *Caterpillar*, 482 U.S. at 393 ("a case may *not* be removed to federal court on the basis of a federal defense"); *see Holmes Grp., Inc. v. Vornado Air Circulation Sys., Inc.*, 535 U.S. 826, 831 (2002).

***Criminal Cases.*** Section 1331 authorizes federal courts to adjudicate "civil actions," not criminal prosecutions, and certainly not *state* criminal prosecutions. *Pennsylvania v. Haring*, 2022 WL 17076037, at *1 (3d Cir. Nov. 18, 2022); *Jones v. Mirza*, 685 F. App'x 90, 92 (3d Cir. 2017); *Michigan v. Martin,* 1990 WL 8089, at *2 (6th Cir. Feb. 5, 1990). Thus, Davis has not—and cannot—demonstrate that the District Court possesses subject-matter jurisdiction pursuant to 28 U.S.C. § 1331 and that her cases are removable under that provision. *See generally Texas v. Tello*, 231 F. App'x 310, 311 (5th Cir. 2017). For this reason, too, the District Court must remand Davis's criminal cases to the relevant Florida court.

***Civil Traffic Law Violations.*** There is no federal question presented on the face of Davis's Florida traffic law citations. As such, Davis has failed to show that the District Court has federal-question jurisdiction to adjudicate these citations. Indeed, Davis's argument that

the District Court has federal-question jurisdiction to adjudicate the citations is frivolous. *See Juiad v. Pringle*, 2011 WL 5526074, at *1 (E.D. Cal. Nov. 14, 2011), *report and recommendation adopted*, 2012 WL 79822 (E.D. Cal. Jan. 9, 2012). For this reason, the District Court must remand Davis's civil traffic violations to the relevant Florida court.

D.   **Davis Cannot Remove Her Cases Under 28 U.S.C. § 1441**

Davis also asserts that she removed her cases pursuant to 28 U.S.C. § 1441.

Section 1441(a) provides:

> Except as otherwise expressly provided by Act of Congress, any *civil action* brought in a State court of which the district courts of the United States *have original jurisdiction*, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

28 U.S.C. § 1441(a) (emphasis added).

*Criminal Cases.* By its very terms, § 1441(a) applies only to "any civil action." Thus, this provision provides no authority for Davis to remove her Florida criminal prosecutions. *Alabama v. Thomason*, 687 F. App'x 874, 877 n.5 (11th Cir. 2017); *Durham v. Lockheed Martin Corp.*,

445 F.3d 1247, 1253 (9th Cir. 2006); *State of Ala. v. Kemp*, 952 F. Supp. 722, 723 (N.D. Ala. 1997).

***Civil Traffic Law Violations.*** As to Davis's civil violations, she must demonstrate that the District Court could exercise subject-matter jurisdiction over those actions. As noted above, § 1331 does not authorize federal courts to hear state civil offenses. Davis does not argue, much less establish, that 28 U.S.C. § 1332 or any other provision authorizes the District Court to address Davis's civil violations. Nor could Davis plausibly make such an argument.

Accordingly, Davis has not demonstrated that § 1441(a) authorizes her to remove any of her cases to the District Court.

### E.  Davis Cannot Remove Her Cases Under 28 U.S.C. § 1443

Davis also asserts that she removed her cases pursuant to 28 U.S.C. § 1443.

Under 28 U.S.C. § 1443(1), a defendant may remove a state criminal prosecution to federal court when the defendant "is denied or cannot enforce in [the state courts] a right under any law providing for the equal civil rights of citizens of the United States. . . ." 28 U.S.C. § 1443(1). "A valid section 1443(1) removal notice must satisfy a two-part test." *Georgia*

*v. Daker*, 853 F. App'x 514, 516 (11th Cir. 2021) (citing *Alabama v. Conley*, 245 F.3d 1292, 1295 (11th Cir. 2001)). "First, the petitioner must show that the right upon which the petitioner relies arises under a federal law 'providing for specific civil rights stated in terms of racial equality.'" *Conley*, 245 F.3d at 1295 (quoting *Georgia v. Rachel*, 384 U.S. 780, 792 (1966)). "Second, the petitioner must show that he has been denied or cannot enforce that right in the state courts." *Id.*

### 1. *Davis Fails to Satisfy Rachel's First Prong*

Davis fails to satisfy *Rachel*'s first prong, which requires Davis to show that the right upon which she relies provided for specific civil rights stated in terms of racial equality.

"The phrase 'any law providing for . . . equal civil rights' refers to laws 'providing for specific civil rights stated in terms of racial equality,' and does not include rights of 'general application available to all persons or citizens.'" *Conley*, 245 F.3d at 1295 (quoting *Rachel*, 384 U.S. at 792). Here, Davis's asserted rights under the First, Fourth, Fifth, Sixth, Eighth and Fourteenth Amendments—to petition the court and due process—implicate broad constitutional guarantees of general application to all persons or citizens, rather than "rights implicating racial equality." *See*

*Rachel*, 384 U.S. at 792 (Section 1443(1) does not apply to "the whole gamut of constitutional rights;" a defendant's reliance on broad constitutional provisions does not support removal under § 1443 when those provisions are not phrased in "the specific language of racial equality that § 1443 demands" (quotations omitted) (referring to the First Amendment and the Due Process Clause of the Fourteenth Amendment)); *Conley*, 245 F.3d at 1295–96 (the "right to a fair trial and equal protection of the laws" does not support a valid claim for removal under § 1443(1)). In other words, the rights Davis mentions apply regardless of the individual's race. Therefore, she fails to satisfy the first prong. For this reason alone, § 1443 does not authorize Davis to remove her criminal cases.

### 2. *Davis Also Fails to Establish Rachel's Second Prong*

Davis also fails to establish *Rachel*'s second prong. This requires Davis to show that "she has been denied" an equal civil right under federal law "or cannot enforce that right in the state courts." Se*e Conley*, 245 F.3d at 1295. "Generally, the denial of the petitioner's equal civil rights must be 'manifest in a formal expression of state law.'" *Id*. at 1296 (quoting *Rachel*, 384 U.S. at 803). Davis's notice of removal does not mention any state law that prohibits her from asserting her constitutional rights in state court.

"It is not enough to support removal under [section] 1443(1) to allege or show . . . that the charges against the defendant are false, or that the defendant is unable to obtain a fair trial in a particular state court." *Peacock*, 384 U.S. at 827.

Additionally, "section 1443(1) removal is improper where 'any denial of federal rights that might come to pass as the proceedings progressed could be redressed by direct review of the federal claims by the state appellate court and the United States Supreme Court or in other proceedings designed to remedy claims of unfair proceedings, denial of equal protection, and rights protected under [42 U.S.C. section 1983].'" *Daker*, 853 F. App'x at 518 (quoting *Conley*, 245 F.3d at 1298). It is impossible to know at this stage whether the state trial courts will find Davis guilty. If the Florida courts find Davis guilty, she would be entitled to direct review of her conviction by the state appellate courts and, eventually, the United States Supreme Court. *See id.*; *Conley*, at 245 F.3d at 1298. Because Davis has multiple avenues to seek relief, she has not shown that the state courts "cannot enforce" her federal rights. *See Conley*, 245 F.3d at 1295, 1298. For this reason, too, Davis has not demonstrated that § 1443 authorizes her to remove her criminal cases to federal court.

F.   **Davis Cannot Remove Her Cases Under 28 U.S.C. § 1455**

Finally, Davis also asserts that she removed her cases pursuant to 28 U.S.C. § 1455.

Section 1455 bears the title: "Procedure for removal of criminal prosecutions." 28 U.S.C. § 1455. True to its name, § 1455 merely sets forth the procedures and requirements for the removal of criminal prosecutions. *Kansas v. Gilbert*, 2023 WL 2397025, at *1 (10th Cir. Mar. 8, 2023); *Pennsylvania v. Brown-Bey*, 637 F. App'x 686, 688 n.2 (3d Cir. 2016); *In re Ingris*, 601 F. App'x 71, 75 (3d Cir. 2015). This provision does not itself confer power on defendants to remove actions, and it does not confer subject-matter jurisdiction on federal courts. *Pennsylvania v. Halloway*, 2024 WL 5103009, at *1 (3d Cir. Dec. 13, 2024). Rather, a litigant seeking to remove a case must articulate some other statutory basis for removal and jurisdiction. *See Colorado v. Murphy*, 2024 WL 340793, at *2 (10th Cir. Jan. 30, 2024). Accordingly, Davis also has not demonstrated—and cannot demonstrate—that § 1455 authorizes removal of her cases and empowers the District Court to adjudicate these cases.

### III. Conclusion

For the reasons set forth above, the undersigned respectfully **RECOMMENDS** that the District Court:

1. **REMAND** Davis's civil traffic citations, Calhoun County Citations 2025-TR-001300 and 2025-TR-001301, to the State courts from which they originated.

2. **REMAND** Davis's criminal cases, Calhoun County Circuit Court Case Nos. 2025-CT-52 and 2023-CF-1460, to the State courts from which they originated.

3. **DIRECT** the clerk of court to take all steps necessary to remand the cases noted above and close this case file.

At Pensacola, Florida, this 21st day of July, 2025.

/s/ *Michael J. Frank*
**Michael J. Frank**
**United States Magistrate Judge**

### NOTICE TO THE PARTIES

**The District Court referred this case to a magistrate judge to make recommendations regarding dispositive matters.** *See* **28 U.S.C. § 636(b)(1)(B), (C); Fed. R. Civ. P. 72(b). Objections to these proposed findings and recommendations must be filed within fourteen days of the date of the report and recommendation. Any different deadline that may appear on the electronic**

**docket is for the court's internal use only.** A party must serve a copy of any objections on all other parties. A party who fails to object to this report and recommendation waives the right to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions. *See* 11th Cir. R. 3-1; 28 U.S.C. § 636. The parties also are advised that if they dispute the accuracy of any facts taken from judicially-noticed documents, or if they otherwise wish to be heard on the propriety of the court taking judicial notice of those facts, they must raise this issue in an objection to this report and recommendation.